UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTIZAR HERNANDEZ RAMIREZ, | No. 1:26-cv-02790-DJC-DMC |
| Petitioner, | |
| v. | ORDER |
| U.S. GENERAL ATTORNEY, | A# 216-639-653 |
| Respondents. | |

Petitioner Baltizar Hernandez Ramirez is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner has now filed a Motion for Temporary Restraining Order.  (ECF No. 14.)  Therein, Petitioner argues that, despite Petitioner now being subject to a final order of removal, the Court should nevertheless order Petitioner released from ICE custody.  As the issues in the Petition and Motion overlap, the Court will rule directly on the Petition considering the arguments raised in the Motion.

Petitioner originally filed this Petition for Writ of Habeas Corpus on April 13, 2026.  (ECF No. 1.)  After counsel was appointed to assist, Petitioner's Counsel filed a Supplemental Brief in support of the Petition.  (ECF No. 9.)  In the Supplemental Brief, Petitioner argued that he was subject to 8 U.S.C. § 1226, not the mandatory detention authority of 8 U.S.C. § 1225(b)(2) – an argument the Court has concurred with in

numerous other cases.  Petitioner also argued that he had been subject to prolonged detention without receiving a bond hearing.

On March 25, 2026, Petitioner was ordered removed by an Immigration Judge. (ECF No. 11 at 18.)  While Petitioner reserved his right to appeal following that order, Petitioner has not filed an appeal and the 30-day period to appeal has since passed. As such, that order of removal is now final and the removal period has begun.  *See* 8 U.S.C. § 1231(a)(1)(B).  During the removal period, Petitioner is subject to the mandatory detention provision in 8 U.S.C. § 1231(b)(2).

Petitioner argues that the final removal order is irrelevant as Petitioner's initial detention was impermissible.  Certainly, it appears that absent the final order of removal, Petitioner would have been entitled to some form of relief.  But the final order of removal now places Petitioner squarely within the mandatory detention provision in section 1231.  As such, he is no longer entitled to relief.   The Court understands that this result does not address the possible prior due process violation. But section 1231 requires mandatory detention at this stage.  The previous violation does not provide a basis to order Petitioner's release over the statutory requirement. The Court also lacks jurisdiction to interfere with the Government's attempts to execute a final order of removal.  *See* 8 U.S.C. § 1252(g).  The Court acknowledges Petitioner's complaint that the Government should not be permitted to avoid constitutional review by delaying proceedings until they can moot the issue.  But there is no indication that such intentional delay was at issue here.

Petitioner also argues that he has been subject to prolonged detention as he has now been in custody for over eleven months.  However, as already stated, Petitioner is now in the removal period prescribed by statute.  There is no basis for the

Court to conclude – at this time – that there is no significant likelihood of removal in the reasonably foreseeable future.[1]  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED.  This dismissal is without prejudice to the renewal of Petitioner's prolonged detention claims at a later date.  The Clerk of the Court is directed to close this case.  This order resolves all pending Motions.

IT IS SO ORDERED.

Dated:    **June 2, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In his Motion Petitioner states that "[t]here is no indication removal is imminent" and that "[a]bsent intervention, detention is likely to continue for months longer[,]" but provides no basis for those assertions.

3